UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEFFREY LEE MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:15-CV-540-TAV-DCP |
| | ) |
| SHAWN PHILLIPS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 8, 2016, the Court entered an order granting Petitioner's motion to hold the petition in abeyance and requiring Respondent to file status updates with the Court regarding Petitioner's state court proceedings [Doc. 9]. On October 29, 2019, Respondent filed his most recent status report in which he indicated that the last status report that he sent to Petitioner on July 29, 2019, was returned as undeliverable with a notation indicating that Petitioner is no longer housed in the Morgan County Correctional Complex ("MCCX"), which is the only address Petitioner has provided to the Court, and that the Tennessee Felony Offender Information database indicates that Petitioner's sentence ended on March 2, 2018 [Doc. 23]. Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th

Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Prior to dismissing a case pursuant to this Rule, the Court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to provide the Court with an updated address or otherwise prosecute this action is due to Petitioner's willfulness and/or fault. Specifically, this Court's Local Rule 83.13 provides that it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently, and that failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action. E.D. Tenn. L.R. 83.13. Moreover, the Court's search of the Tennessee Department of Correction's Felony Offender Information website (https://apps.tn.gov/foil-app/results.jsp) establishes that Petitioner's supervision status is listed as "inactive" and that Petitioner's sentence end date is listed as March 2, 2018. However, the only address that Petitioner provided to the Court was that of MCCX, where he was confined when he filed his petition on December 2, 2015 [Doc. 1 p. 1 and 12], and Petitioner has not updated this address or otherwise communicated

2

with the Court since he filed his motion for leave to proceed *in forma pauperis* on December 22, 2015 [Doc. 4 p. 2]. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to update his address with the Court has not prejudiced Respondent.

As to the third factor, while the Court did not previously warn Petitioner that failure to update his address may result in dismissal of this action in any order in this case, as set forth above, the Court's Local Rule 83.13 sets forth such a warning. Moreover, the record establishes that any additional warning at this point in time would be futile, as Petitioner has not pursued this case in more than four years and has not responded to Respondent's status report indicating that Petitioner is no longer in custody.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner who is not communicating with the Court and has not pursued this case in more than four years.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not update his address with the Court, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE